United States District Court
Southern District of Texas
FILED

SEP 01 2022

Nathan Ochsner, Clerk

United States District Court
Southern District of Texas
**ENTERED**
September 01, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| SAUL MORENO, | § |
| Plaintiff, | § § § |
| VS. | §  CIVIL ACTION NO. 7:18-CV-0400 |
| PALACIOS BUILDERS, INC. d/b/a LAS CASITAS METAL BUILDINGS and ARNOLD PALACIOS, | § § § § § § |
| Defendants. | § § |

## MEMORANDUM OPINION

Plaintiff Saul Moreno filed this lawsuit alleging that his former employers, Defendants Palacios Builders, Inc., d/b/a Las Casitas Metal Buildings ("Las Casitas"), and Arnold Palacios ("Palacios"), failed to pay him $17,922 in overtime compensation due under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 *et seq.* (Dkt. No. 1 at 5). In March 2022, after a two-day trial, a jury found that Defendants failed to pay Plaintiff minimum wages due under the FLSA and awarded him $2,650 in compensatory damages.[1] (Dkt. No. 45-1 at 4-5). The Magistrate Judge then requested briefing on the issue of liquidated damages. The parties have since filed their respective briefs. (Dkt. Nos. 47, 48).

For the reasons that follow, the Magistrate Judge concludes that Plaintiff is entitled to liquidated damages in the amount of $2,650.

---

[1] Plaintiff did not include a minimum wage claim in his original complaint (*see* Dkt. No. 1), nor did he amend the complaint to include such a claim. However, the parties stipulated through their Joint Pretrial Order that Plaintiff sought unpaid minimum wages (*see* Dkt No. 17 at 4-9), effectively superseding the pleadings, *see Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 (2007).

## I. BACKGROUND

Las Casitas, which is owned and managed by Palacios, constructs and sells portable warehouse storage units. (Dkt. No. 17 at 2). After constructing the units, the company sells them at various retail locations—including one in Rio Grande City, Texas. (*See id.*; *see also* Dkt. No. 40-3 at 8). On February 4, 2017, Las Casitas hired Plaintiff to work at the Rio Grande City location. (Dkt. No. 17 at 2). Plaintiff's job duties consisted primarily of selling storage units to customers. (*Id.*). Las Casitas initially classified Plaintiff as an independent contractor, supposedly paying him a salary of $240 per week with no overtime pay. (*See id.*; *see also* Dkt. No. 40-3 at 9).

On March 15, 2017, concerned about his work hours and compensation, Plaintiff contacted the U.S. Department of Labor (the "DOL"), which opened an investigation into Plaintiff's case. (*See* Dkt. No. 17 at 2; *see also* Dkt. No. 40-3 at 4, 13). The DOL eventually concluded that Plaintiff was an employee of Las Casitas and that Las Casitas had failed to pay Plaintiff sufficient minimum wages and overtime pay under the FLSA from February 4, 2017 to April 8, 2017. (Dkt. No. 17 at 2). Having been informed of the results of the investigation, Palacios agreed to re-classify Plaintiff as an employee and to properly record all his work hours, as well as to pay Plaintiff the federal minimum wage of $7.25 per hour and overtime pay as applicable. (*See id.*; Dkt. No. 40-3 at 11).

Plaintiff filed this lawsuit on December 19, 2018. (Dkt. No. 1). Plaintiff asserted that, even after the completion of the DOL investigation, he continued to work approximately 60 hours per week but did not receive a wage of $7.25 per hour or any overtime pay. (Dkt. No. 17 at 2-3). He further asserted that Defendants made no effort to track the hours he worked. (*Id.* at 5). According to Plaintiff, he was due unpaid minimum wages and overtime pay from April 9, 2017 through the end of his employment with Las Casitas on March 16, 2018. (*Id.* at 3). The amount of unpaid overtime wages alleged was $17,922. (Dkt. No. 1 at 5).

For purposes of trial, the parties stipulated, inter alia, that Plaintiff was an employee of Las Casitas and Palacios during the relevant period. (Dkt. No. 45-1 at 1-2). The jury was instructed to treat these facts as proven. (*Id.*). The jury returned a verdict for Plaintiff solely as to the matter of unpaid minimum wages, awarding him $2,650 in compensatory damages. (*Id.* at 4-5).

## II. LEGAL STANDARD

"The FLSA provides for the payment of liquidated damages in an amount equal to the amount of compensatory damages." *Lee v. Coahoma Cnty., Miss.*, 937 F.2d 220, 226 (5th Cir. 1991) (citing 29 U.S.C. § 216(b)). It is the district court—not the jury—that awards liquidated damages. *Depaul v. Turner Paving & Constr., Inc.*, 2010 WL 11593140, *1 (S.D. Tex. Nov. 4, 2010) (citing *Bernard v. IBP, Inc. of Neb.*, 154 F.3d 259, 267 (5th Cir. 1998)). "Liquidated damages are awarded as a matter of course for violations of [the FLSA]." *Solis v. Hooglands Nursery, L.L.C.*, 372 F. App'x 528, 530 (5th Cir. 2010) (per curiam) (citing 29 U.S.C. § 216(b)); *see also Owens v. Marstek, L.L.C.*, 548 F. App'x 966, 972 (5th Cir. 2013) (per curiam).

However, a district court may decline to award liquidated damages if it finds that an employer acted in good faith and had reasonable grounds to believe they complied with the FLSA. *Portillo v. Kincaid Inc.*, 826 F. App'x 384, 385 (5th Cir. 2020) (per curiam) (citing 29 U.S.C. § 260). An employer has the "substantial burden" of proving both that their acts were in good faith and reasonable. *Steele v. Leasing Enters., Ltd.*, 826 F.3d 237, 246 (5th Cir. 2016). The matter of an employer's good faith is a subjective determination, while the employer's reasons for believing that it was not in violation of the FLSA must be objectively reasonable. *York v. City of Wichita Falls*, 763 F. Supp. 876, 880-81 (N.D. Tex. 1990) (collecting cases). "[G]ood faith requires a 'duty to investigate potential liability under the FLSA,' and ignorance cannot be the basis of a reasonable belief." *Gomez v. Loomis Armored US*, 2017 WL 7052254, *8 (W.D. Tex. Oct. 26,

2017) (quoting *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 469 (5th Cir. 1979)). An employer cannot act in good faith where they suspect that they are out of compliance with the FLSA. *Steele*, 826 F.3d at 246.

Nevertheless, awarding liquidated damages is still within the district court's discretion even where an employer shows good faith and reasonableness. *Solis*, 372 F. App'x at 530 (citing 29 U.S.C. § 260).

### III. ANALYSIS

In their brief opposing liquidated damages, Defendants point to certain trial testimony offered by Palacios where he claims to have instructed Plaintiff to only work 32 hours per week after the conclusion of the DOL's investigation. (Dkt. No. 48 at 3). Defendants also offer that Plaintiff would send Palacios weekly text messages memorializing all his sales and tasks, and that Plaintiff admitted on cross-examination that Palacios' testimony to this effect was correct. (*Id.*). Defendants claim that Plaintiff never confronted them regarding any unpaid minimum wages or overtime pay after the DOL investigation had concluded. (*Id.*). Defendants would argue that these circumstances demonstrate they were acting in good faith and that their actions were reasonable.

Defendants have not met their substantial burden of proving good faith and reasonableness. The DOL compliance action put Defendants on notice regarding unpaid minimum wages owed to Plaintiff. *See Cruz v. Maverick Cnty.*, 2018 WL 8897808, *10 (W.D. Tex. Mar. 30, 2018). After the DOL investigation, Defendants admittedly relied on Plaintiff to report his hours worked but did not engage in any independent investigation of potential FLSA liability to justify a finding of good faith. *See Pathan v. Basit Enters., Inc.*, 2011 WL 13244519, *2 (S.D. Tex. Jan. 18, 2011) (noting that good faith finding requires that employer take active steps to ascertain FLSA requirements and move to comply with them). To the contrary, the DOL compliance action should

have prompted Defendants to engage in greater scrutiny of Plaintiff's work schedule. Indeed, "[t]he FLSA makes clear that employers, not employees, bear the ultimate responsibility for ensuring that employee time sheets constitute an accurate record of all hours worked by employees." *Cardenas v. Grozdic*, 67 F. Supp. 3d 917, 925 (N.D. Ill. 2014).

Defendants thus fail to overcome the strong presumption in favor of an award of liquidated damages equal to an award of compensatory damages in this FLSA case. *See Nero v. Industrial Molding Corp.*, 167 F.3d 921, 929 (5th Cir. 1999).

## IV. CONCLUSION

For these reasons, the Magistrate Judge concludes that an award of liquidated damages in the amount of $2,650 is appropriate under the circumstances. Plaintiff also seeks attorney's fees under the FLSA, which matter is addressed through a contemporaneous order. A final judgment will also be entered through a separate document.

IT IS SO ORDERED.

DONE at McAllen, Texas this 1st day of September 2022.

_____
J. SCOTT HACKER
United States Magistrate Judge